REEVES & COMPANY v. EDWARD CURLEE.

FILED MARCH 8, 1906. No. 14,147.

Evidence examined, and *held* insufficient to support the verdict.

ERROR to the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Reversed.*

*W. S. Morlan* and *W. E. Stewart,* for plaintiff in error.

*C. E. Eldred, Hall, Woods & Pound,* and *Starr & Reeder,* contra.

AMES, C.

This is a proceeding in error to reverse a judgment for the plaintiff in the district court in an action to recover commissions as a sales agent. The defendant corporation is a dealer in traction engines, and had constituted the plaintiff its agent, at the village of Bartley and vicinity, by a written contract containing the following clause: "The party of the first part reserves the right to sell to any party in the above mentioned territory who

may come to their shop to buy, or send their orders direct to them, or any of their general agents; but when such parties have been solicited by the said second party, then such agency may, on a satisfactory presentation of the claim, have such commission as the agency in making the sale will entitle him or them to." Pursuant to this contract the plaintiff sold at Bartley, to Ginter Brothers, a second-hand engine which was incapable of doing the work required of it because of defective flues, for which sale he was paid commission for his service. The defendant, whose place of business was at Lincoln, was notified of the defect, and sent a mechanic named Williams to Bartley for the purpose of repairing the engine, which he was unable to do. One of the purchasers then proposed going to Lincoln and attempting to arrange with the manager of the company for an exchange of the old engine for a new one. Such an attempt was not or had not been so much as suggested by the plaintiff. On the contrary, when one of the purchasers asked if he thought it would be successful, he replied that "he did not know, but that he knew that it was their (the company's) business, trading new stuff and taking second-hand stuff in exchange, and he had no doubt that it could be done." One of the purchasers called up the manager and talked with him by telephone about the proposed exchange, and expressed an intention to go to Lincoln for the purpose of attempting to effect it. The plaintiff was present, but did not talk with the manager, nor in any definite way with the purchasers, nor further than to discuss briefly and in a general way, to the effect above related, the probability of an exchange being possible of accomplishment. One of the Ginters started for Lincoln on the same evening, and upon his arrival there traded the old engine for a new one, paying a difference in value in cash. The recovery is for commissions at a contract rate on the selling price of the new engine. The foregoing is the substance of all the evidence touching the matter in issue to which our attention has been invited. We fail to find in it any indications

that the plaintiff "solicited," or promoted, or in any manner contributed toward the effecting of the exchange of engines, or was of any service, actual or constructive, to either party in the transaction. The answer was a general denial, and the verdict is wholly unsupported by the evidence.

It is recommended that the judgment of the district court be reversed and a new trial awarded.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial awarded.

REVERSED.