EDWARD CURLEE, APPELLEE, v. REEVES & COMPANY, APPELLANT.

FILED NOVEMBER 9, 1909.   No. 15,790.

1. **Appeal: WITNESSES: PROVINCE OF JURY.** The jury are the judges of the credibility of the witnesses; and the mere fact that the testimony of a party to a suit on the second trial of a cause is different from that given by him at a former trial is not sufficient to warrant the appellate court in setting aside the verdict.

2. **Evidence** examined and set out in the opinion, *held* sufficient to sustain the verdict of the jury.

3. **Instructions** examined and set out in the opinion, *held* not erroneous.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Morlan, Ritchie & Wolff,* for appellant.

*Perry & Lambe* and *Starr & Reeder, contra.*

FAWCETT, J.

This case is before us for the second time. On the first trial in the district court the plaintiff had judgment, which judgment on appeal to this court was reversed on the ground that the evidence was not sufficient to sustain the verdict. *Reeves & Co. v. Curlee,* 76 Neb. 55. In the opinion on the former hearing Mr. Commissioner AMES pointed out the weakness in plaintiff's evidence. On a retrial in the district court plaintiff strengthened his case by furnishing testimony covering the point indicated by the commissioner. This additional testimony was furnished by plaintiff himself and by his brother. Plaintiff again had judgment, and defendant again appeals.

It is now urged by defendant that plaintiff should not be permitted to reap the benefit of this new evidence. Counsel for defendant argue that it would be "playing" with the court to permit a party to try his case and then after suffering defeat, and after the court had indicated the weakness in his case, to permit him on a second trial to "change his testimony" so as to meet the views of the court. On the former trial the evidence was very weak on the one important point in the case, viz., that the plaintiff had solicited or was instrumental in bringing about the trip of Perry Ginther, of Ginther Brothers, to Lincoln for the purchase of the machine, for sale of which plaintiff claims commission. On the last trial plaintiff testified unqualifiedly that he not only suggested, but urged, Mr. Ginther to take the trip to Lincoln to purchase a new machine. In this he is corroborated by his brother. A careful examination of the testimony taken upon the first trial, which is again in evidence, fairly sustains plain-

tiff's contention that the reason such testimony was not given at that time was because he was not specially interrogated in reference thereto. However that may be, the jury were the judges of the credibility of the witnesses and of the weight to be given their testimony. They saw the witnesses upon the stand and heard the testimony given. The trial judge also had that advantage over us. The jury evidently believed the testimony of plaintiff and his brother, and the trial judge, by overruling the motion for a new trial, approved their verdict. Their testimony, as now presented, is ample to sustain the verdict returned, and, under the well-settled rule in this court, we cannot disturb it on appeal.

It was argued at the bar that, even if plaintiff was entitled to a verdict, the verdict was excessive, but no such error was assigned in the motion for a new trial, nor is any such error assigned in the brief of the defendant filed herein, hence that question cannot be considered.

It is argued that the court erred in refusing to give instruction No. 1 requested by the defendant. This was a peremptory instruction to find for defendant, and the court did not err in refusing it. It is also urged that the court erred in giving instructions 2 and 3 given by the court on its own motion. If there had been a verdict for defendant, plaintiff might have predicated error upon instruction No. 2, but there certainly was no error in that instruction of which defendant can complain. Instruction No. 3 reads: "The word 'solicit,' as used in the contract sued upon, means to seek for, to endeavor to obtain. It is therefore incumbent upon the plaintiff to prove, by a preponderance of the evidence, that he sought for and endeavored to obtain as purchasers from the defendant, the said Charles Ginther, John Ginther and Perry Ginther, or some one of them. It is not necessary for the plaintiff to show that the purchasers of the engine made a trip to Lincoln solely upon the solicitation of the plaintiff; but, if you find from the evidence that the sale of said engine was made by the defendant to the Ginther

brothers on account of the former dealings of the defendant with the said Ginther brothers through their Bartley agency, and that the plaintiff aided and assisted in bringing the buyer and seller together, and encouraged or endeavored to induce the purchasers or one of them to make a trip to Lincoln to the place of business of the defendant, then this would constitute a solicitation on the part of plaintiff, and would entitle him to commission on said sale, provided he afterwards complied with the conditions of the contract." Defendant seems impressed with the idea that the court in this instruction told the jury that they might find for the plaintiff if they found from the evidence that the sale of the engine was made by the defendant to the Ginther brothers "on account of the former dealings of the defendant with the said Ginther brothers through their Bartley agency." If this language had been followed with the disjunctive "or," there might have been force in the argument; but, instead of the disjunctive, we find the the conjunction "and" connecting the clause first quoted with the clause immediately following: "and that the plaintiff aided and assisted in bringing the buyer and seller together, and encouraged or endeavored to induce the purchasers or one of them to make a trip to Lincoln," etc. We think this instruction imposed upon plaintiff every burden resting upon him on that branch of the case.

An examination of the record convinces us that the case does not present any ground for relief by this court. The judgment of the district court is therefore

AFFIRMED.